W. T. WOODLEY AND WIFE v. T. D. HOLLEY et al., Executors.

*Waiver—Married Woman—Consideration—Executors.*

1. A paper-writing signed by a married woman, a residuary legatee, in consideration of one dollar, consenting to a certain construction of the will, to which also the husband consented in writing, is a valid waiver of the right to any other construction.

2. Where it appeared that the defendant executor kept the funds of the estate in a bank needlessly for three years after his testator's death, and during that time he paid the indebtedness of the estate out of his own private funds, though his testator's fund was ample for such payment: *Held*, it was negligence, and he cannot be allowed credit for such gratuitous payment in settlement with the legatees.

This was a CIVIL ACTION, tried before *Brown, J.*, at the February Term, 1888, of the Superior Court of BERTIE County.

This action was brought by the plaintiffs against the defendant executor for an account and settlement of his administration, and for the purpose of recovering to the *feme* plaintiff such sum, as upon such accounting might be found to be due her as the residuary legatee of the said testator. Said cause was referred thereafter to John W. Wood, Esq., as referee, to take an account of the defendant's administration.

Among other things the said referee found—

1. That the defendant was not chargeable with the value of the personal property on the Willow Branch farm at the date of the demise of said testator, and that the said defendant executor was released from liability for said personalty by reason of the will of Augustus Holley, as well by reason of the execution and delivery to defendant executor by Mary I. Woodley and W. T. Woodley, her husband, of a certain paper-writing in words and figures following, to-wit:

" In the several devises and bequests contained in the will of the late Augustus Holley, it appears that he intended for

the personal property on each farm therein devised, and which was on that farm at his death, to go with it for its support, and being the residuary legatee I am willing and do hereby consent to such a construction to be placed upon the said will, and in consideration of one dollar to me paid by the other legatees do waive whatever claim or right I may have in such property.          MARY I. WOODLEY."

This June 2, 1882.

The above is executed with my consent.

                               W. T. WOODLEY.


2. That said defendant executor should be credited with the amount deposited by him in the Exchange National Bank of Norfolk, Va., and lost by reason of the failure of said bank.

The plaintiffs, having excepted to the findings of said referee, the said exceptions were heard by his Honor George H. Brown, Jr., Judge presiding, at the Spring Term, 1892, of said Court upon the following facts agreed upon, to-wit:

"With respect to the personal property on Willow Branch farm, at the death of Augustus Holley, we agree that the following are the facts:

"Augustus Holley died in 1882, and the defendant qualified as executor of his will, which was duly proven. He left a large real and personal estate, and among other things, personal property on his Willow Branch farm consisting of mules, horses, hogs, cattle, meat, corn and other things, worth at that time $1,250. This personal property was placed upon the said Willow Branch farm by Augustus Holley in his lifetime, and used upon said farm by him. Shortly after the death of Augustus Holley, the plaintiffs executed the paper-writing found in the papers marked Exhibit 'B' set forth in the first finding of the referee hereinbefore referred to. The defendant claims that this paper and the will of Augustus Holley relieved him from liability for the

value of the personal property, and the plaintiff insisted that he was chargeable with the same.

" With respect to the liability of Holley, executor, for five hundred dollars of the money lost by the failure of the Exchange National Bank, set out in plaintiff's exceptions, it is agreed that, on the 5th of April, 1885, and for several months before, defendant had on deposit in the Exchange National Bank, Norfolk, Va., $2,457, subject to his draft. That shortly before that time Holley, Jr., obtained judgment against the estate of said Augustus Holley, deceased, for a debt due him by said deceased, in the sum of $500. That the defendant, in March, 1885, shortly before the failure of the said bank, to-wit, March ____, 1885, paid the said judgment by his individual draft on J. W. Perry & Co., of Norfolk, which draft was presented and paid after the failure of said bank, to-wit, April ____, 1885. That had the draft been made payable to Augustus Holley, and drawn on the Exchange National Bank, it would not have been presented for payment till after the failure of said bank. There was no need for the retention of the said sum of $2,457 in said bank.

" The plaintiffs claimed that the judgment in favor of A. Holley, Jr., ought to have been paid out of the funds of the estate in bank instead of by draft on J. W. Perry & Co., and the deposit in bank reduced to that amount, and that the defendant ought to account to the estate for the amount of said five hundred dollar check of deposit in said bank at its failure. More than enough money was lost to the estate by the said bank to pay this amount of $500. The defendant was allowed by the referee for the amount of the judgment paid to Augustus Holley as a credit and not charged with the amount so lost."

The Court sustained both of plaintiffs' exceptions and rendered the judgment set out in the record, for which

defendant excepted, and assigns as error that the Court erred in not sustaining the referee in his findings, to-wit:

1. That the defendant was not liable for the value of the personal property on the Willow Branch farm.

2. That the defendant was properly credited in his account with $500, the amount paid by him by draft on J. W. Perry & Co., in satisfaction of the judgment of A. Holley, Jr.

*Mr. W. D. Pruden* (by brief), for plaintiffs.
*Mr. A. W. Haywood* (by brief), for defendants.

CLARK, J.: There was error in sustaining the plaintiffs' exception upon the first point. The paper-writing signed by the plaintiff and her husband is a valid waiver of any rights the plaintiff may have had to said property as residuary legatee. She had power to make the waiver; it recites a valuable consideration from the other legatees, and was made in their favor and to settle the construction to a doubtful clause in the will. This was doubtless to facilitate the speedy settlement of the estate, which was a consideration itself. This is a waiver, not either a bond or executory contract, and it is sufficient that by reasonable intendment it should appear that the present defendant was to be released from responsibility in that respect. From the terms of the waiver, the defendant was authorized to act upon it in construing the will, and having done so, the plaintiff is now estopped to claim contrary to the agreement.

We concur with his Honor in his ruling upon the second exception. It was laches in the defendant to have kept so large a fund belonging to the estate in bank needlessly, and as late as three years after testator's death. Certainly nothing appears in evidence to rebut this presumption. It was the duty of the defendant to have settled the estate as rapidly as practicable. At any rate, the payment by the defendant of an indebtedness of the estate with his own

funds, when at the time he had, and had so had for so long a period a much larger fund belonging to the estate, which he.had left in a bank out of the State where it was not immediately accessible, and which, it is found as a fact by the Court below, there was no need of retaining in said bank, was negligence, and plaintiff cannot be allowed the gratuitous payment made out of his own funds.

Modified.